Keith M. Ameele (SBN 221927)
kameele@foleymansfield.com
**FOLEY & MANSFIELD, PLLP**
300 South Grand Avenue, Suite 2800
Los Angeles, CA 90071
Telephone: (213) 283-2100
Facsimile: (213) 283-2101

Lawrence J. Acker (Registration # P28123) *(Pro Hac Vice)*
l.acker@ackerpc.com
**LAWRENCE J. ACKER, P.C.**
901 Wilshire Drive, Suite 550
Troy, MI 48084
Telephone: (248) 594-7277
Facsimile: (248) 594-7280

Attorneys for PLAINTIFF
CENTRAL TRANSPORT, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL TRANSPORT, LLC<br><br>            Plaintiff,<br><br>    vs.<br><br>EDWARD R. LEONARD; HARRINGTON, FOXX, DUBROW & CANTER, LLP; DOES 1-10, INCLUSIVE,<br><br>            Defendants. | Case No:   2:21-cv-2488<br><br>**COMPLAINT FOR PROFESSIONAL LIABILITY AND BREACH OF FIDUCIARY DUTY; AND REQUEST FOR JURY TRIAL** |

Plaintiff Central Transport, LLC, by and through its counsel, and for its Complaint against the named Defendants, states as follows:

## NATURE OF THE ACTION

1.   This is a professional liability and breach of fiduciary duty Complaint, filed by Central Transport, LLC against its former counsel, Edward R. Leonard, and his former employer, Harrington, Foxx, Dubrow & Canter, LLP.

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is on the basis of Diversity of Citizenship.

3. Plaintiff Central Transport, LLC is a corporation organized pursuant to the laws of the State of Michigan and domiciled in the State of Michigan.

4. Defendant Edward R. Leonard is an attorney, licensed to practice law in the State of California, admitted for practice in the state courts of California and in the United States District Court for the Central District of California.

5. Defendant Harrington, Foxx, Dubrow and Canter, LLP is a law firm, organized pursuant to the laws of the State of California, and maintaining offices in Orange, California.

6. Edward R. Leonard, at all times complained of in this Complaint, was an employee of Harrington, Foxx, Dubrow & Canter, LLP. On information and belief, he has relocated his practice to Poliquin & DeGrave, LLP, 22972 Mill Creek Drive, Laguna Hills, CA 92653.

7. Defendant Harrington, Foxx, Dubrow & Canter, LLP is responsible for the errors and omissions attributable to Defendant Leonard on the basis of respondeat superior.

8. The amount in controversy, exclusive of interest and attorneys' fees, exceeds $75,000 and is otherwise within the jurisdiction of this Court.

9. Jurisdiction and venue are proper in this Court on the basis of Diversity of Citizenship. This Court has original jurisdiction over the claims against Defendants pursuant to 28 USC §1332 because the Plaintiff and the Defendants are diverse in citizenship and the amount in controversy exceeds $75,000. Jurisdiction and venue are proper in this Court pursuant to 28 USC §1391(B)(2). Venue is proper in the Central District of California pursuant to 28 USC §1391(b) because it is the District in which the tortious conduct occurred and the damages accrued.

///

///

COMPLAINT FOR PROFESSIONAL LIABILITY AND BREACH OF FIDUCIARY DUTY; REQUEST FOR JURY TRIAL

317600 v1

## INTRODUCTION AND SYNOPSIS OF THIS CASE

10. Defendant Leonard is an attorney, practicing law within the State of California.

11. Defendant Leonard and Defendant Harrington, Foxx, Dubrow & Canter, LLP represented to Central Transport, LLC that they were familiar with litigation arising out of truck-automobile collisions, and that they were conversant with applicable California law.

12. Central Transport, LLC engaged the services of the Defendants to represent Central Transport, LLC, and related parties, in the LA County Superior Court (Action No. BC703574) styled, "*Brijesh Misra, Individually; Sumita Misra, Individually; Sunita Misra, Individually* v. *Oscar Omar Ochoa, an individual; GLS Leasco Inc., a corporation; Central Transport International, Inc., a corporation and DOES 1 to 30*" (hereafter "Misra" or "Misra [P]laintiffs").

13. At the time the defense of this particular case (Misra) Central Transport, LLC had a pre-existing attorney-client relationship with the Defendants in other litigation.

14. The motor vehicle- tractor trailer accident occurred on January 29, 2018 on Interstate 10 in Riverside County, California.

15. Central Transport, LLC's employed driver was operating a 2016 International semi-truck pulling a Wabash trailer in the course and scope of his employment.

16. The action referenced in paragraph 14 above, resulted in litigation pursued by the Misra parties, who had been occupants of the motor vehicle, seeking damages from Central Transport, LLC for injuries sustained in the accident.

17. The Defendants were retained by Central Transport, LLC, filed Appearances and pleadings on behalf of (a) Central Transport, LLC, (b) an associated business GLS Leasco, Inc., and (c) the truck driver (Ochoa) to defend the action.

///

18. The Defendants were responsible to conduct all discovery, pretrial preparation, and activities associated with the defense of the case on behalf of Plaintiffs.

19. The Defendants were responsible to comply with the standards of professional behavior for similarly-situated defense counsel, practicing law in the State of California.

20. Defendants owed professional responsibilities to Plaintiff, and understood the communication responsibilities obligating Defendants to coordinate activity and to communicate with representatives of Central Transport, LLC in a timely manner.

21. At the time this particular engagement was initiated, the Defendants had a prior relationship with Central Transport, LLC, were familiar with its requirements regarding communication, reporting, and participation with General Counsel and other Central Transport representatives in the decision-making process.

22. On May 7, 2018, the Misra Plaintiffs, who were represented by Robert Simon of the Simon Law Group, tendered a formal demand in written correspondence, in which the Misra parties offered to settle any and all claims against Plaintiff Central Transport, LLC in exchange for payment of the insurance policy limits.

23. Attorney Simon wrote to the Defendants and stated as follows:

> "Consider this a formal demand for all the available policy limits. This is a joint demand on behalf of all plaintiff (claimants). We value this to be a nine figure case. If the policy is not tendered within 30 days of this correspondence, we will consider the policy to be open and litigate accordingly. This shall expire on June 7, 2018 at 4:05 p.m."

24. On May 9, 2018, Defendant Leonard responded in writing to Attorney Simon and informed him that the policy limits were constituted of a "Cherokee Insurance Company Policy which provided $1,000,000 combined single limits for all of the defense parties."

25. On May 29, 2018, Defendant Leonard unequivocally accepted the written settlement demand from Plaintiffs' counsel, on behalf of Central Transport, LLC, and

agreed to settle the Plaintiffs' claims for the insurance policy limits of $1,000,000, as demanded on May 7, 2018.

26. The May 29, 2018 acceptance had been expressly authorized by Central Transport, LLC representatives.

27. On May 30, 2018, the Misra parties attempted to improperly withdraw their offer after Central Transport, LLC had accepted the demand and agreed to pay the consideration that had been demanded.

28. Central Transport, LLC had, in fact, entered into a valid binding settlement agreement, releasing Central and the associated Defendants in the truck accident case, from any and all liability associated with the motor vehicle accident of January 9, 2018 by the formal written acceptance of the formal written demand.

29. Shortly thereafter, and without consultation with representatives of Central Transport, LLC, the Defendant Leonard communicated to Mr. Simon without knowledge of Central Transport, LLC representatives.

30. In a May 30, 2018 communication, Defendant Leonard inaccurately communicated the state of the applicable law, informing the Misra representatives as follows:

> "… no, the simple truth is that under JBB Investment Partners (2014 232 CA 4th 974), this is not enforceable without your client's signatures on the same. I just want to disabuse you of the bad habit of making this set up demand without knowing what the limits are. I cannot enforce the settlement. …"

31. The statement proffered to Misra's counsel by Defendant Leonard was, and is, an inaccurate statement of the law applicable to the concept of "settlement demand and acceptance" as a legal principle.

32. The statement was inaccurate and compromised the right of Central Transport, LLC to actively pursue enforcement of the policy limits demand and Central's unequivocal policy limits acceptance.

///

33. The inaccurate and oversimplification proffered by Defendant Leonard in his unauthorized communication with Misra's counsel, compromised Central Transport's rights.

34. Central Transport was deprived of the opportunity to brief, argue, and enforce the acceptance of the settlement by citing accurate and applicable law.

35. Defendant Leonard's unauthorized communication violated the standard of practice as will be more fully described below.

36. Central Transport engaged other counsel to undertake subsequent action in the Misra defense. In addition to the errors and violation of the standard of practice described above, successor counsel identified multiple breaches of the standard of care attributable to the defendants' mismanagement and lack of vigorous pursuit in defense of the Misra action.

37. These additional breaches of the standard of care included:

  a. Failure to propound proper and necessary discovery;

  b. Failure to obtain prior medical records to determine whether the Plaintiffs had, in fact, sustained or experienced the injuries which they claimed resulted from the accident;

  c. Failure to obtain treating physicians' medical records to thoroughly evaluate injuries and damages;

  d. Failure to obtain academic records to determine the validity of damage claims related to purported cognitive injuries;

  e. Failure to retain qualified expert witnesses to assess the allegations of traumatic brain injury;

  f. Failure to seek physical and mental examinations notwithstanding claims of purported severe orthopedic injuries and severe mental, cognitive deficits;

  g. Failure to properly examine witnesses;

  h. Failure to complete necessary depositions;

        i. Failure to obtain photographs; and

        j. Failure to obtain services of experts and an accident reconstructionist.

38. Successor counsel made renewed efforts in the California Superior Court to obtain relief authorizing Central Transport, LLC to conduct the necessary discovery.

39. Successor counsel also filed a Complaint for Declaratory Relief in the United States District Court for the Central District of California, Case No. 2:20-CV-001807 to enforce the binding settlement as specified in paragraphs 24-33 above.

40. On February 10, 2020, Defendant Leonard, acting on behalf of Plaintiff and while engaged as counsel on related matters, prepared and signed a formal Declaration which was then filed in the Declaratory Judgment Action.

41. At the time Defendant Leonard executed the Affidavit, he was still counsel of record in multiple other Central Transport, LLC litigated cases. He understood that his Declaration was to be filed in support of the Complaint for Declaratory Relief.

42. By communication dated April 3, 2020, professional liability counsel for Central Transport, LLC placed the Defendants on formal Notice of a Claim.

43. Contemporaneously, through executed substitutions tendered with the "Notice Letter", Central Transport discontinued its relationship with the Defendants. (The executed substitutions were in matters entitled *Guillen v Central Transport/AL* 129150-2 and *Moreno v Central Transport/AL* 116359-2).

44. Following the formal letter notice dated April 3, 2020, there were delays in executing and returning the requested Substitutions pertaining to Guillen and Moreno, attributable to the Defendants. Additionally, there were delays concluding the relationship and transferring files and file material to successor counsel, attributable to the Defendants.

45. Central Transport, LLC did, in fact, incur damages directly arising out of the misconduct and omissions of the Defendants, incurred damages when it settled the action with the Misra parties in calendar year 2021, and was unable to enforce the May 2018 settlement between the parties because of Defendant Leonard's unauthorized

concessions, misstatement of applicable law, and errant posturing with the Misra parties on the underlying matter.

## COUNT I: PROFESSIONAL LIABILITY

46. Plaintiff hereby incorporates paragraphs 1-45 of its Complaint as though fully stated herein, word for word and paragraph for paragraph.

47. At all times pertinent hereto, the Defendants were engaged in the practice of their profession and held themselves out to the public and in particular to Plaintiff as skilled and competent attorneys, capable of properly and skillfully representing, advising, counseling and consulting with individuals seeking their services.

48. Defendants owed Plaintiff the duty to possess that reasonable degree of learning and skill that is ordinarily possessed by attorneys in similar situations, licensed in the State of California and to use reasonable care and diligence in the exercise of the skill and application of their learning to the representation, advice, counseling and consulting with individuals seeking their services in accordance with the standard prevailing amongst attorneys in the State of California.

49. Defendants, by and through their duly authorized agents, servants and/or employees, in disregard of their duties and obligations to the Plaintiff, and at variance with the prevailing standards, were guilty of negligence and malpractice in the following particulars:

    a. Failure to consult with Plaintiff's representatives in a timely and professional manner, to obtain authority, when Defendant unequivocally accepted the offer to settle, and then reversed course making the misstatement of act and law "… I cannot enforce the settlement";

    b. Failing to notify Central Transport representatives before adopting this erroneous position;

    c. Failing to consult with General Counsel of the Plaintiff before adopting this errant course of conduct and without affording

    Plaintiff's representatives time to properly prepare and brief the issue, as necessary, to enforce the agreed-upon settlement;

  d. Failure to propound proper and necessary discovery;

  e. Failure to obtain prior medical records to determine whether the Misra Plaintiffs had, in fact, sustained or experienced the injuries which they claimed resulted from the accident;

  f. Failure to obtain treating physicians' medical records to thoroughly evaluate injuries and damages in Misra, Guillen and Moreno;

  g. Failure to obtain academic records to determine the validity of damage claims related to purported cognitive injuries in the Misra litigation;

  h. Failure to retain qualified expert witnesses to assess the allegations of traumatic brain injury;

  i. Failure to seek physical and mental examinations notwithstanding claims of purported severe orthopedic injuries and severe mental, cognitive deficits;

  j. Failure to properly examine witnesses in Misra, Guillen and Moreno;

  k. Failure to complete necessary depositions in Misra, Guillen and Moreno;

  l. Failure to obtain photographs in Misra, Guillen and Moreno;

  m. Failure to retain and accident reconstructionist and related experts in Misra, Guillen, and Moreno;

  n. Failure to timely transfer files after substitution in all three cases; and

  o. Failure to transfer files in a manner that was conducive to representation by newly-assigned counsel in that the files were in disarray, delayed in transfer, disorganized, and replete with discovery insufficiencies.

50. The acts and/or omissions which constitute negligence and/or malpractice

of the Defendants, which have been described in this Complaint, directly and proximately caused and/or contributed to Plaintiff's injuries and damages, which include by way of illustration but not by way of limitation, the following:

    a. Monetary damages paid to the Misra Plaintiffs in excess of the $1,000,000 policy limits from the Cherokee Insurance Company policy, which has necessitated direct funding from Central Transport, LLC to undertake the settlement obligations;

    b. Additional attorneys' fees for corrective actions in all three substituted files Misra, Guillen, and Moreno); and

    c. Other damages to be more fully described as discovery is completed.

WHEREFORE, Plaintiff prays for entry of a Judgment in its favor, in an amount to be determined by the trier of fact, to fully compensate Plaintiff for its losses.

## BREACH II: BREACH OF FIDUCIARY DUTY

51. Plaintiff incorporates the factual paragraphs at 1-50, as though repeated herein verbatim.

52. Defendants established an attorney client relationship with the Plaintiff.

53. In addition to professional obligations as an advocate, separate and distinct duties of a *Fiduciary* arise out of the attorney-client relationship.

54. Fiduciary Duty is distinct from professional negligence and imposes a higher expectation than negligence for compliance with ethical requirements, provision of full and complete information to the client to whom fiduciary duties are owed, forthright conduct regarding Defendants' limitations, and client protection at the highest possible levels of disclosure and integrity.

55. Among the fiduciary duties which arise out of the attorney-client relationship are the duties of candor and the self-reporting obligations of the Code(s) of professional ethics.

///

///

56. Defendants, by and through their agents in disregard of their duties and obligations to Plaintiff, and at variance with applicable fiduciary codes of conduct:

    a. Defendants entered into unauthorized communications with Misra's counsel regarding the concluded settlement negotiations for the policy limits, inclusive of their miscommunication of the applicable law, applicable legal principles, and factual statements of the parties' agents in the course of reaching the confirmed settlement agreement;

    b. Withheld information about the misconduct from Central Transport's representatives; and

    c. Delayed in compliance with the request for transfer of files, substitution of attorneys and delivery of files in a form that would permit successor counsel to proceed in an expedient manner.

57. The multiple breaches of fiduciary duty caused harm and damages to the Plaintiff, including:

    a. Attorneys' fees paid by Plaintiff to the Defendants;

    b. Loss of opportunity to pursue meaningful resolution of the underlying dispute at the settlement demand as presented;

    c. Duplicative and increased attorneys' fees necessitated by previous errors;

    d. The expense of filing the Complaint for declaratory relief in Misra; and

    e. Other elements of damages to be more fully described as discovery is completed.

///
///
///
///
///

58. WHEREFORE, Plaintiff prays for entry of a Judgment in its favor, in an amount to be determined by the trier of fact, to fully compensate Plaintiff for its losses.

Dated:  March 22. 2021                    FOLEY & MANSFIELD. PLLP

By:   */s/ Keith M. Ameele*
      KEITH M. AMEELE (SBN 221927)
      kameele@foleymansfield.com

## **NOTICE OF REQUEST FOR JURY TRIAL**

Central Transport, LLC hereby demands a trial by jury of any issue triable by jury pursuant to Rule 38 of the Federal Rule of Civil Procedure.

Dated: March 22. 2021     FOLEY & MANSFIELD. PLLP

By: */s/ Keith M. Ameele*
KEITH M. AMEELE (SBN 221927)
kameele@foleymansfield.com